UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVE FACE ON WEB, LLC,

    Plaintiff,

v.

STAHOLD CORP. and
THOMAS R. STRACHLER,

    Defendants.
                               /

Case No. 17-13918

Honorable Nancy G. Edmunds

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION FOR AN ORDER EXTENDING THE TIME TO SERVE THE SUMMONS AND COMPLAINT, FOR A REISSUED SUMMONS, AND FOR ALTERNATE SERVICE [8]

**I. BACKGROUND**

On March 14, 2018, this Court ordered Plaintiff Live Face on Web, LLC to show cause why this case should not be dismissed given that Plaintiff had failed to timely serve Defendants. On March 23, 2018, Plaintiff responded that it had attempted to serve Defendants fourteen times but had not yet been successful. This matter is presently before the Court on Plaintiff's Ex Parte Motion for an Order Extending the Time to Serve the Summons and Complaint, for a Reissued Summons, and for Alternate Service. (Dkt. # 8). Plaintiff requests that the Court extend the time to serve the summonses and complaint by 60 days and reissue the summonses. Plaintiff further requests that the Court permit that the summons and complaint be served upon Defendant Stahold Corp. by leaving the summons and complaint with someone over eighteen years of age at Stahold's principal place of business, and that the summons and complaint be served upon Defendant

Thomas R. Strachler by taping the summons and complaint to the front door of Stachler's home. Plaintiff states it will serve both Defendants through certified mail as well.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(m) requires service within 90 days after a complaint is filed:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plaintiff has the burden of establishing good cause, and the determination of good cause is left to the sound discretion of the district court. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Federal Rule of Civil Procedure 4 also sets forth the rules for serving individuals in subsection (e) and corporations in subsection (h). Both subsections provide that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). An individual may also be served by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). A corporation may also be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the

2

statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(B).

Under Michigan law, an individual may be served by "delivering a summons and a copy of the complaint to the defendant personally," or by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A). Michigan law provides that a corporation may be served by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

*Id.* at 2.105(D). The Michigan rule also provides that, "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit

service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Id.* at 2.105(I)(1).

"To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *United States v. Szaflarski*, No. CIV. 11-10275, 2011 WL 2669478, at *1 (E.D. Mich. July 7, 2011).

**III. ANALYSIS**

In this case, Plaintiff retained the services of a process server to identify the current addresses of Defendants. Plaintiff has attempted unsuccessfully to serve Stahold Corp. and Strachler, the principal of Stahold Corp., fourteen times at two different addresses: (1) four times at 555 Briarwood Circle, Ann Arbor, MI, Stahold's principal place of business, and (2) ten times at 60 Timber Ridge Ct., Milan, MI 48160, which Plaintiff and its process server believe is Strachler's home address. *See* Dkt. # 8-2; Dkt. # 8-3. These attempts were made at varying times throughout the day, as detailed in the affidavits from the process server attached to Plaintiff's motion. *Id.* The Court finds that Plaintiff has made a showing of good cause to extend the time to serve the summonses and complaint and reissue the summonses. The Court will grant the request and extend the time to serve the summonses and complaint for a period of 60 days.

However, the affidavits from the process server are devoid of facts establishing that service of process cannot reasonably be made as provided in the rules discussed above, merely stating that each time service was attempted, there was "no answer" at the addresses. *See* Dkt. # 8-2; Dkt. # 8-3. Additionally, Plaintiff has not set forth any facts

4

showing that 60 Timber Ridge Ct., Milan, MI 48160 is indeed where Defendant Strachler currently resides. Therefore, the Court finds that Plaintiff has not established that service cannot be made by the prescribed means as to each Defendant, or that the proposed alternate method is likely to give actual notice as to Defendant Strachler. Accordingly, the Court will deny without prejudice Plaintiff's request to alternatively serve Defendants.

**IV. CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for an Order Extending the Time to Serve the Summons and Complaint, for a Reissued Summons, and for Alternate Service (Dkt. # 8) is GRANTED IN PART with respect to Plaintiff's request to reissue and extend the summonses. **Plaintiff shall submit new summonses to the Clerk's Office for issuance. The summonses shall expire on June 11, 2018**.

IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion for an Order Extending the Time to Serve the Summons and Complaint, for a Reissued Summons, and for Alternate Service (Dkt. # 8) is DENIED IN PART WITHOUT PREJUDICE with respect to Plaintiff's request to alternatively serve Defendants. Plaintiff may renew its request upon submission of more detailed affidavits and evidence establishing that service cannot be made by the prescribed means, and that the proposed alternate method is likely to give actual notice.

SO ORDERED.

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds

United States District Judge

Dated: April 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2018, by electronic and/or ordinary mail.

                                             s/Lisa Bartlett
                                             Case Manager