UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVE FACE ON WEB, LLC,

        Plaintiff,

v.

STAHOLD CORP. and
THOMAS R. STRACHLER,

        Defendants.

_____/

Case No. 17-13918

Honorable Nancy G. Edmunds

## ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR AN ORDER EXTENDING THE TIME TO SERVE THE SUMMONS AND COMPLAINT, FOR A REISSUED SUMMONS, AND FOR ALTERNATE SERVICE [18]

## I. BACKGROUND

On December 5, 2017, Plaintiff Live Face on Web, LLC filed its complaint and summonses were issued. On March 14, 2018, this Court ordered Plaintiff to show cause why this case should not be dismissed given that Plaintiff had failed to timely serve Defendants. On March 23, 2018, Plaintiff responded that it had attempted to serve Defendants fourteen times but had not yet been successful, and Plaintiff filed an Ex Parte Motion for an Order Extending the Time to Serve the Summons and Complaint, for a Reissued Summons, and for Alternate Service. On April 10, 2018, this Court granted the motion in part with respect to Plaintiff's request to reissue and extend the summonses. The Court denied without prejudice Plaintiff's request to alternatively serve Defendants. The summonses were reissued on April 10, 2018 and expired on June 11, 2018. On June 19, 2018, the Court again ordered Plaintiff to show cause why this case should not be

dismissed for failure to timely serve Defendants. On June 29, 2018, Plaintiff responded that it has attempted to serve Defendants an additional twenty-two times to no avail; that notes left at Defendant Thomas R. Stachler's home and work have been delivered; that Plaintiff's process server has called and texted Stachler without response; and that the only explanation is that Defendants are evading service. (Dkt. # 17).

This matter is presently before the Court on Plaintiff's second Ex Parte Motion for an Order Extending the Time to Serve the Summons and Complaint, for a Reissued Summons, and for Alternate Service, filed on June 29, 2018. (Dkt. # 18). Plaintiff requests that the Court extend the time to serve the summonses and complaint by 60 days and reissue the summonses. Plaintiff further requests that the Court permit that the summonses and complaint be served upon Defendants by leaving the summonses and complaint with Stachler's personal assistant and by taping the summonses and complaint to the front door of Stachler's home.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(m) requires service within 90 days after a complaint is filed:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plaintiff has the burden of establishing good cause, and the determination of good cause is left to the sound discretion of the district court. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Federal Rule of Civil Procedure 4 also sets forth the rules for serving individuals in subsection (e) and corporations in subsection (h).  Both subsections provide that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  An individual may also be served by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e)(2).  A corporation may also be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.  Fed. R. Civ. P. 4(h)(1)(B).

Under Michigan law, an individual may be served by "delivering a summons and a copy of the complaint to the defendant personally," or by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail."  Mich. Ct. R. 2.105(A).  Michigan law provides that a corporation may be served by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and

sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

*Id.* at 2.105(D). The Michigan rule also provides that, "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Id.* at 2.105(I)(1).

"To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *United States v. Szaflarski*, No. CIV. 11-10275, 2011 WL 2669478, at *1 (E.D. Mich. July 7, 2011).

## III.   ANALYSIS

In this case, Plaintiff retained the services of a process server to identify the current addresses of Defendants. Defendant Stahold Corp.'s current address is 226 W. Michigan

Ave., Ypsilanti, MI. (Dkt. # 18-1, Pg ID 180-81). This address is only a mailbox. *Id.* at Pg ID 179-80. Stahold's registered agent for service of process is Defendant Stachler. *Id.* at Pg ID 181. Stachler's current home address is 60 Timber Ridge Ct., Milan, MI. *Id.* at Pg ID 179, 182, 185-86. Stachler is also affiliated with another company, Real Estate One, with its principal place of business at 555 Briarwood Circle, Suite 200, Ann Arbor, MI. *Id.* at Pg ID 180, 183-84, 187. Stachler has an assistant who works at that address. *Id.* at Pg ID 179.

Plaintiff has attempted unsuccessfully to serve Defendants over thirty times: (1) ten times at 555 Briarwood Circle, Ann Arbor, MI, Stachler's Real Estate One place of business where he has an assistant who knows how to contact him; (2) nineteen times at 60 Timber Ridge Ct., Milan, MI, Strachler's current home address; and (3) five times at 226 W. Michigan Ave., Ypsilanti, MI, Stahold's principal address which is a mailbox. *Id.* at Pg ID 179-80. These attempts were made at varying times throughout the day, as detailed in the affidavit from the process server attached to Plaintiff's motion. *Id.*

Stachler is aware of the attempts to serve him. Plaintiff's process server has determined his phone number and has called and texted him several times. *Id.* at Pg ID 179, 183-84. Additionally, the process server has spoken with Stachler's assistant and has told her that she is attempting to serve him with a lawsuit. *Id.* at Pg ID 179. Stachler's assistant has confirmed that she has passed on the process server's message and contact information to Stachler. *Id.* at Pg ID 179-80. When the process server called the phone number at the Ypsilanti office where the Stahold mailbox is located, Stachler's assistant at Real Estate One answered but then claimed to have nothing to do with Stahold. *Id.* at Pg ID 179. Plaintiff's process server has also attempted service at Stachler's home when

people are at the home with vehicles at the home and lights on inside the house, but no one has answered the door. *Id.* at Pg ID 179-80. The process server has left notes on the door of the home, and at least three of them have been picked up and received. *Id.*

Under these circumstances, the Court finds that Plaintiff has made a showing of good cause to extend the time to serve the summonses and complaint and reissue the summonses. The Court will grant the request and extend the time to serve the summonses and complaint for a period of 60 days. Additionally, based on the affidavit from the process server and the attached supporting documentation setting forth the specific facts discussed above, the Court agrees that Defendants are aware of attempts to serve them with this lawsuit and are seemingly evading service. The Court will grant Plaintiff's request to alternatively serve Defendants because the Court finds that service of process cannot reasonably be made as provided in the rules discussed above. The Court concludes that the proposed alternate method is likely and reasonably calculated to give Defendants actual notice of the proceedings in this Court and an opportunity to be heard.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for an Order Extending the Time to Serve the Summons and Complaint, for a Reissued Summons, and for Alternate Service (Dkt. # 18) is GRANTED. **Plaintiff must make the appropriate request for new summons be issued from the Clerk's Office**. **The summonses shall expire on September 10, 2018**.

IT IS FURTHER ORDERED that Plaintiff may serve Defendants with the summonses and complaint by:

(A)  Posting a separate copy thereof for each Defendant, along with a separate copy of this motion and order for alternate service for each Defendant, at Defendant Stachler's residence at 60 Timber Ridge Ct., Milan, MI;

(B)  Mailing separate copies of the same for each Defendant by certified mail (return receipt requested) to Defendant Stachler's residence noted above;

(C)  Mailing separate copies of the same for each Defendant by first class mail to Defendant Stachler's residence noted above;

(C)  Leaving separate copies of the same for each Defendant with Stachler's assistant at 555 Briarwood Circle, Suite 200, Ann Arbor, MI, one of Stachler's places of business;

(D)  Mailing separate copies of the same for each Defendant by certified mail (return receipt requested) to Defendant Stachler's place of business noted above;

(E)  Mailing separate copies of the same for each Defendant by first class mail to Defendant Stachler's place of business noted above;

(F)  Mailing separate copies of the same for each Defendant by certified mail (return receipt requested) to 226 W. Michigan Ave., Ypsilanti, MI, Defendant Stahold Corp.'s current address; and

(G)  Mailing separate copies of the same for each Defendant by first class mail to Defendant Stahold Corp.'s current address noted above.

Plaintiff shall file a certificate confirming service as provided herein on or before **September 10, 2018**.


SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager